UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONISE KING,

    Plaintiff,

v.

    Case No. 10-CV-13623-DT

    HONORABLE DENISE PAGE HOOD

WILLIAM BEAUMONT HOSPITAL,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS COUNT III ONLY

**I.    BACKGROUND**

On September 10, 2010, Plaintiff Monise King ("King") filed a Complaint against Defendant William Beaumont Hospital ("Beaumont") alleging: Race Discrimination (Count I); Retaliation (Count II); and, Infliction of Emotional Distress (Count III). Beaumont filed its Answer and the instant Motion to Dismiss Count III, the Intentional Infliction of Emotional Distress claim under Fed. R. Civ. P. 12(b)(6). A response and reply have been filed. The Court held a hearing on the matter.

King began working for Beaumont in December 1999 and was terminated in July 2009. (Comp., ¶ 7) On June 17, 2010, the Equal Employment Opportunity Commission ("EEOC") issued to King a Notice of a Right to Sue. King alleges that she was "subjected to differential treatment, relative to her Caucasian counterparts, in relationship to the terms and conditions of her employment, including, but not limited to, disciplines, scrutiny, reprimands, and termination." (Comp., ¶ 8)

**II.     ANALYSIS**

Beaumont argues that King's intentional infliction of emotional distress claim found in Count III must be dismissed under Rule 12(b)(6). King responds that this Court must accept the factual allegations in her Complaint and determine that no set of facts in support of the claim would entitle her to relief. King claims that she has sufficiently stated an intentional infliction of emotional distress claim in her Complaint and discovery will support her claim.

The elements of intentional infliction of emotional distress are: 1) extreme and outrageous conduct; 2) intent or recklessness; 3) causation; and 4) severe emotional distress. *Doe v. Mills*, 212 Mich. App. 73, 91 (1995); *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594 (1985).

Rule 12(b)(6) provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. The Supreme Court clarified in *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1948-50, 173 L.Ed.2d 868 (2009) that although the pleading standard Rule 8 announces does not require "detailed factual allegations," it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

*Twombly,* 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, [127 S.Ct. 1955]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. The Supreme Court in *Iqbal* explained that "bare assertions ... amount[ing] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim," for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth." *Iqbal,* 129 S.Ct. at 1951. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Id.*

A review of King's Complaint shows that she has set forth no facts to state an intentional infliction of emotional distress claim. In Count III, King merely recites the elements of an intentional infliction of emotional distress claim with no facts to support such a claim. (*See,* Comp., ¶¶ 21-26) The background portion of the Complaint also fails to state facts relative to King's intentional infliction of emotional distress claim. (*See,* Comp., ¶¶ 1-9) As noted above, *Twombly* and *Iqbal* held that merely stating a legal conclusion and recitation of the elements of a claim are insufficient to state a claim under Rule 12(b)(6). *Twombly* and *Iqbal* overturned the "no set of facts" standard rule in reviewing a complaint under Rule 12(b)(6) as argued by King. Count III of King's Complaint must be dismissed.

### III.    CONCLUSION

For the reasons set forth above and on the record,

IT IS ORDERED that Defendant's Motion to Dismiss Count III of the Complaint **(No. 9, filed October 7, 2010)** is GRANTED. Count III, the Intentional Infliction of Emotional Distress claim, is DISMISSED.

                        s/Denise Page Hood  
                        Denise Page Hood  
                        UNITED STATES DISTRICT JUDGE

Dated: March 9, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 9, 2011, by electronic and/or ordinary mail.

                        s/LaShawn R. Saulsberry  
                        Relief Case Manager, (313) 234-5165