**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MONISE KING,

      Plaintiff,                             Case No.  10-13623

v.                                    HONORABLE DENISE PAGE HOOD

WILLIAM BEAUMONT HOSPITAL,

      Defendant.

_____/

## ORDER REGARDING MOTION FOR CLARIFICATION/RECONSIDERATION

      This matter is before the Court on a Motion for Clarification/Reconsideration filed on April 2, 2012 by Defendant William Beaumont Hospital seeking clarification as to which counts and claims were dismissed and whether Defendant rebutted the presumption of retaliation by presenting a legitimate, non-discriminatory Defendant's actions.

      The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order.  E.D. Mich. LR 7.1(h)(1).  No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise.  E.D. Mich. LR 7.1(h)(2).  The Local Rule further states:

> (3) **Grounds**.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier.  *Sault Ste.*

*Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

The first issued raised by Defendant is based on a typographical error in the Order portion which states that "[t]he retaliation claim in Count III remains."  (Doc. No. 27)  Both parties agree that the retaliation claim is set forth in *Count II.*  The retaliation claim in **Count II**, remains, and, as set forth in the Order, the race discrimination claim in Count I is dismissed.  Count III, the intentional infliction of emotional distress claim, was dismissed in a prior order. (Doc. No. 18)

The second issue raised by Defendant is that it presented sufficient legitimate, non-retaliatory reason for its actions regarding Plaintiff's retaliation claim.  The Court found that Plaintiff stated a *prima facie* case of retaliation.  A review of Defendant's motion as to its asserted reason regarding the retaliation claim shows that Defendant did not expressly note in the analysis portion of the motion the reason for its actions other than conclusorily asserts that "Plaintiff has no evidence that Beaumont failed to make reasonably informed and considered decisions before it took action relative to Plaintiff's employment.  There is similarly no evidence that Beaumont did not honestly believe in the reasons it gave for suspending Plaintiff."  (Motion, p. 17)  Defendant wants the Court to glean from these conclusory statements its unstated reasons for terminating Plaintiff is a legitimate, non-retaliatory reason to issue the second suspension.  Given that Defendant is unclear as to its reason for terminating Plaintiff, the Court finds Defendant has not presented sufficient evidence to establish there is no genuine issue of material fact that Defendant had a legitimate, non-retaliatory reason to terminate Plaintiff in order for the Court to issue summary judgment in Defendant's favor.

This Court's own review of the evidence submitted by the parties shows that Michael G.

Bartz, the department manager, issued an Improper Conduct violation on July 27, 2009, suspending and discharging Plaintiff because this was the second suspension in 18 months.  (Doc. 23, Ex. 19 and Doc. 25, Ex. 17)  The basis of the second suspension was the July 16, 2009 Level II Grievance meeting between Plaintiff, Ebbonye Graham, Corporate Human Resources Representative, and Bartz, where Plaintiff was agitated, angry, and in a threatening manner, shouted at Graham.  (*Id.*)  Bartz signed the second suspension dated July 27, 2009.  (*Id.*; Graham Dep., p. 47)  Graham testified at her deposition that Plaintiff became increasingly angry, hostile and agitated.  (Graham Dep., p. 30)  Nothing in Graham's testimony indicates Plaintiff threatened her.  Michael Dixon, the Human Resources Manager, testified at his deposition that Graham did not tell him that Plaintiff had threatened Graham, but that Graham felt disrespected.  (Dixon Dep., p. 9)  Plaintiff testified at her deposition that she was giving her opinion and not trying to be argumentative.  (King Dep., pp. 114-116; 124-129)  Bartz, who was present at the meeting with Plaintiff and Graham, has no independent recollection why Plaintiff was agitated at the meeting.  (Bartz Dep., p. 52)  Bartz indicates that Dixon did not recommend corrective action at that time, other than suggesting a suitability for work assessment.  (King Dep., pp. 50-52)

Although the second suspension document issued by Bartz indicates that the reason for the suspension and termination was "Improper Behavior" based on the July 16, 2009 meeting, Bartz has no independent recollection as to why Plaintiff was agitated. Graham and Dixon did not testify that Plaintiff was threatening during the July 16, 2009 meeting.  It is noted that Bartz's written account of the meeting noted that Plaintiff "initially appeared to be very quiet, and perhaps even showed signs of beginning to cry or 'tear up.'"  (Doc. No. 23, Ex. 14; Doc. No. 25, Ex. 22)  Bartz also noted in a subsequent written account dated July 17, 2009 that according to Dixon, Plaintiff's earlier

3

behavior was "uncharacteristic."  (Doc. No. 25, Ex. 23)

If it is Defendant's proffered legitimate, non-retaliatory reason for the issuance of the second suspension is Plaintiff's behavior at the July 16, 2009 meeting, Bartz, the person who wrote the July 16, 2009 accounts describing Plaintiff's behavior and who signed the second suspension, has no independent recollection of the meeting.  Graham did not testify at her deposition that Plaintiff was threatening towards her and Dixon testified that Graham told him Graham only felt disrespected. The Court finds Defendant has not sufficiently proffered a legitimate, non-retaliatory reasons given a genuine issue of material fact as to Defendant's proffered reason for the second suspension and automatic termination of Plaintiff.

Even if Defendant's second suspension of Plaintiff was based on a legitimate, non-retaliatory reason, Plaintiff has submitted sufficient evidence to show that this reason may be pretext.  To establish pretext, a plaintiff must show:  1) the employer's reasons for termination had no basis in fact; 2) that the proffered reasons did not actually motivate the discharge; or 3) the reasons were insufficient to motivate the discharge.  *Manzer v. Diamond Shamrock,* 29 F.3d 1078, 1084 (6th Cir. 1994).

As noted above, there is a genuine issue of material fact as to whether Defendant's reason had basis in fact, given that Bartz has no recollection of what occurred on July 16, 2009 and Graham did not testify that she felt threatened.  Also, Bartz's own written account indicates Dixon did not initially agree to the second suspension.  As to the motivation of the discharge, again, Dixon did not initially agreed to the second suspension.  It appears from Bartz's second written account dated July 17, 2009 that Bartz later contacted Dixon regarding what occurred earlier on June 16, 2009.  (Doc. 25, Ex. 23)  Bartz notes that based on Plaintiff's "earlier aggressive and emotional behavior, and in

4

an attempt to minimize any potential for workplace anger or violence, a decision was made to hold

this Suspension Notification meeting" which occurred later on July 16, 2009 at 3:30 p.m. (Doc. 24,

Ex. 23)  However, it is noted that Plaintiff was released to return to work after the earlier meeting

given that Bartz contacted Plaintiff at around 3:00 p.m. at work.  (Doc. 25, Ex. 23)  If Bartz was

concerned about workplace violence, Plaintiff would not have been allowed to return to work after

the behavior she exhibited before Bartz and Graham at the meeting earlier on the same day.  There

remains a genuine issue of material fact as to Plaintiff's retaliation claim against Defendant.

Accordingly,

IT IS ORDERED that Defendant's Motion for Clarification/Reconsideration of the Court's

Opinion dated March 19, 2012 **(Doc. No. 28, filed 4/2/2012)** is GRANTED as to clarification but

DENIED as to the relief requested.


                                        S/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated:  July 2, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July
2, 2012, by electronic and/or ordinary mail.

                                        S/LaShawn R. Saulsberry
                                        Case Manager