UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONISE KING,

    Plaintiff,

v.

    Case No. 10-13623

    HONORABLE DENISE PAGE HOOD

WILLIAM BEAUMONT HOSPITAL,

    Defendant.
_____/

## ORDER REGARDING MOTIONS IN LIMINE

### I.    BACKGROUND/FACTS

The remaining claim to be tried before the jury is the retaliation claim in Count II of the Complaint. Plaintiff Monise King was hired by Defendant William Beaumont Hospital in December 1999 and terminated in July 2009. (Comp., ¶ 7) King began working for Beaumont as a Customer Service Coordination. (King Dep., p. 27) At the time of her termination, she was a Senior Customer Service Coordinator in Beaumont's Home Medical Equipment Department. (*Id.*)

This matter is before the Court on Motions in Limine filed by the parties. Responses and replies have been filed.

### II.    ANALYSIS

    **A.    Plaintiff's Motion in Limine To Establish Procedure for Exercising Peremptory Challenges (#34)**

Plaintiff filed the instant Motion in Limine seeking an order prohibiting the use of peremptory challenges based solely on the African-American heritage of a juror and establishing a procedure for the use of peremptory challenges exercised to excuse African-American jurors

whereby no Black juror may be excused prior to a finding by the Court that the exercise of the peremptory challenge is not racially motivated. Defendant responds that the Court had indicated at the final pretrial conference that the motion was premature and more properly addressed during jury selection.

As this Court indicated at the conference, the instant motion is premature. The jury selection process provides an opportunity for the parties to request to approach the bench if this issue arises during *voir dire*. The Court declines to enter a blanket requiring a party not to exercise a peremptory challenge without specific information regarding the background of a particular juror or without hearing that juror's response to questions posed by the Court or a party.

### B.     Defendant's Motion in Limine to Bar References to and Recovery of Lost Wage Damages Due to Plaintiff's Failure to Mitigate (# 33)

#### 1.     Failure to Mitigate

Defendant seeks to preclude evidence and testimony regarding King's back and front pay damages asserting King failed to mitigate her damages. Defendant asserts that Plaintiff failed to make any effort to secure comparable employment since she was separated from employment with Defendant in August 2009. Defendant claims that any claim for front pay damages are too speculative. Defendant further claims that it is for the Court to decide this issue. Plaintiff responds that Plaintiff found temporary employment outside her field, which she did not want to pursue any longer. Plaintiff claims she attempted to obtain jobs by availing herself to resources at the unemployment office, by submitting applications and by going door to door to find employment. Plaintiff asserts that front pay damages are not speculative and should be brought before the jury.

Future damages or front pay is compensation for "the post-judgment effects of past discrimination." *Shore v. Federal Express Corp.,* 777 F.2d 1155, 1158 (6th Cir. 1985). "While the

2

determination of the precise amount of an award of front pay is a jury question, the initial determination of the propriety of an award of front pay is a matter for the court." *Arban v. West Publishing Corp.,* 345 F.3d 390, 406 (6th Cir. 2003). The district court's determination of whether an award of front pay is appropriate must ordinarily precede its submission of the case to the jury. *Roush v. KFC Nat'l Management Co.,* 10 F.3d 392, 398-99 (6th Cir. 1993). Awards of front pay must be guided by consideration of certain factors, including: an employee's duty to mitigate; the availability of employment opportunities; the period within which one by reasonable efforts may be re-employed; the employee's work and life expectancy; the discount tables to determine the present value of future damages; and other factors that are pertinent on prospective of damage awards. *Id.* at 399. In *Arban,* the trial court determined not to submit the issue of front pay to the jury after proofs were presented at trial and finding that there was insufficient evidence for the issue to be brought to the jury. *Arban,* 345 F.3d at 406. Speculative testimony on front pay cannot support submitting the issue to the jury. *Id.* at 407. An economic expert's testimony on the issue of future damages or front pay based on the Social Security Wage Index was found to be speculative. *Id.* In this case, the front pay issue need not be determined by the Court until proofs have been presented at trial.

As to mitigation of damages, which applies to both back pay and is a factor the district court must consider in awarding front pay in a Title VII case, the defendant bears the burden of establishing that the plaintiff lacked diligence in mitigating damages by showing that there were substantially equivalent position available and that the plaintiff did not diligently pursue those positions. *Madden v. Chattanooga City Wide Service Dep't.,* 549 F.3d 666, 680 (6th Cir. 2008). The Court defers ruling on the mitigation of damages issue until proofs have been presented at trial

since there is evidence at this time that Plaintiff attempted to obtain employment after being terminated from Defendant's employ. Defendant's Motion in Limine as to mitigation of damages, as it applies to both back and front pay damages, is denied without prejudice. The Court will determine whether future damages will be submitted to the jury after proofs have been presented on this issue.

### 2.     After-Acquired Evidence

Defendant seeks to limit any award of damages as of February 2011. Defendant claims that Plaintiff falsified her employment application with Defendant in 1999, which Defendant obtained knowledge of the falsification in February 2011. During her deposition, Plaintiff admitted that she had been convicted of shoplifting at Kmart around 1993. Plaintiff's criminal history record indicates Plaintiff was arrested in 1993 and convicted in 1994 for shoplifting. Defendant asserts that if it would have known about this conviction in 1999, Plaintiff would not have been hired in a retail position by Defendant. Defendant further asserts that falsification of an employment application is grounds for termination. Plaintiff responds that because Defendant did not obtain a criminal background at the time Plaintiff applied for the position in 1999, the after-acquired evidence is not applicable.

The "after-acquired evidence" doctrine applies to bar an employee from obtaining certain remedies in a discrimination case. Where an employer can show it would have been entitled to terminate the employee for severe wrongdoing, if it had known of the employee's wrongdoing at the time, the employee's remedies for discrimination are limited. *Thurman v. Yellow Freight Systems, Inc.,* 90 F.3d 1160, 1168 (6th Cir. 1996). As a general rule, under the after-acquired evidence doctrine, the back pay award is limited and the employee is barred from obtaining front

pay and reinstatement. *Id.* The beginning point in the trial court's formulation on backpay award is to calculate from the date of the unlawful discharge to the date the new information was discovered. *McKennon v. Nashville Banner Pub. Co.,* 513 U.S. 352, 362 (1995). Where an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge. *Id.* at 362-63.

In this case, Defendant submitted an affidavit by Michael Dixon, the Director of Human Resources, asserting that had Defendant been aware of the conviction, Plaintiff would not have been hired by Defendant. It may well be that Defendant would not have hired Plaintiff back in 1999 with her criminal history. However, this affidavit was not subject to cross-examination. There is no evidence that Mr. Dixon had the authority to hire in 1999 or that there was such a policy at that time. There is also no evidence at this time that if Defendant would have learned of this falsification while Plaintiff was still employed that Plaintiff would have been terminated on this ground alone. The Court denies Defendant's motion without prejudice pending proofs at trial.

### C. Defendant's Motion in Limine to Exclude Testimony About Facts as to the Dismissed Race Discrimination Claim (#35)

Defendant seeks to exclude testimony regarding the facts supporting Plaintiff's race discrimination claims, such as conduct or race of any other individuals involved, since such testimony is not relevant and would be far more prejudicial to Defendant than probative of Plaintiff's retaliation claim. Plaintiff responds that the underlying facts leading up to her termination, including Barbara Serra and Judith Fennessey's conduct and race, played a relevant and probative role when Plaintiff was initially suspended, when Plaintiff grieved the initial suspension, when Plaintiff was terminated and the ultimate decision to uphold her termination. Plaintiff claims that the probative

value of these facts far outweigh the danger of unfair prejudice.

The Federal Rules of Evidence provide that only evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence may be used in court. Fed. R. Evid. 401. As noted above, the claim remaining to be tried is the retaliation claim in Count II. The elements of a *prima facie* case of retaliation under Title VII and the Elliott Larsen are the same: 1) that plaintiff engaged in an activity protected by Title VII or Elliott Larsen; 2) that the defendant knew of this exercise of plaintiff's protected rights; 3) that defendant consequently took an employment action adverse to plaintiff; and 4) that there is a causal connection between the protected activity and the adverse employment action. *Balmer v. HCA, Inc.,* 423 F.3d 606, 613-14 (6th Cir. 2005); *Abbott v. Crown Motor Co., Inc.,* 348 F.3d 537, 542 (6th Cir. 2003). Causation can be proved indirectly through circumstantial evidence such as suspicious timing. *Mickey v. Zeidler Tool & Die Co.,* 516 F.3d 516, 523, 525 (6th Cir. 2008). Temporal proximity between an assertion of Title VII rights and a materially adverse action, is sufficient to establish the causal connection element of a retaliation claim where an adverse employment action occurs very close in time after an employer learns of a protected activity. *Id.* at 525. Where temporal proximity is insufficient to establish a causal connection, a plaintiff may proffer additional evidence of retaliatory conduct to establish a causal connection between the protected activity and the adverse employment action. *Little v. BP Exploration & Oil Co.,* 265 F.3d 357, 364 (6th Cir. 2001). A combination of evidence may include other employees' fear of retaliation, repeated comments regarding discipline, an atmosphere where a plaintiff's activities were scrutinized more carefully than those of comparably situated employees, both black and white, more unwarranted criticism of plaintiff's work, and more frequent disciplinary

writeups of plaintiff for trivial matters. *Id.*

In this case, the retaliation claim stems from Plaintiff's filing of an internal discrimination claim, a complaint for race discrimination and retaliation before the Equal Employment Opportunity Commission. At his deposition, Mr. Dixon testified that during the grievance hearing there was discussion of King's allegations of race discrimination. (Dixon Dep., p. 29) The facts underlying Plaintiff's claim of race discrimination and the race of Plaintiff's supervisors and co-workers are relevant to the retaliation claim by way of background and to rebut Defendant's reasons for terminating Plaintiff. Although the claim of race discrimination will not be an issue for the jury, the facts are relevant to the claim of retaliation. At trial, the parties have the opportunity to object to any questions which they believe are not relevant to the proceedings or are not based on proper evidence under the Rules of Evidence. The Court declines to issue an order excluding evidence relating to race discrimination, without hearing the context of such testimony at trial.

### III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion in Limine to Establish Procedure for Exercising Peremptory Challenges **(No. 34)** is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Bar References to, and recovery of, Lost Wage Damages Due to Plaintiff's Failure to Mitigate **(No. 33)** is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Restrict Testimony About Facts Relevant Only to Plaintiff's Claim of Race Discrimination **(No. 35)** DENIED without prejudice.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated:  November 8, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 8, 2012, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager