UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONISE KING,

    Plaintiff,

                                        Case No. 10-13623

v.

                                        HON. DENISE PAGE HOOD

WILLIAM BEAUMONT HOSPITAL,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL
AND/OR TO ALTER OR AMEND THE JUDGMENT**

**I.    BACKGROUND**

This matter is before the Court on Plaintiff Monise King's Motion for New Trial and/or to Alter or Amend the Judgment. Response and reply briefs have been filed.

The jury trial began on November 13, 2012. A verdict was rendered on November 28, 2012, the jury finding a no cause of action in favor of Defendant and against Plaintiff. (Verdict Form, Doc. No. 47) On December 24, 2012, Plaintiff filed the instant Motion for New Trial and/or to Alter or Amend the Judgment.

**II.    ANALYSIS**

    **A.    Motion for New Trial**

Plaintiff argues that under Rule 59 of the Civil Rules of Procedure, she is entitled a new trial because there is sufficient evidence of causation that she was terminated from her employment as retaliation for filing a complaint of racial discrimination. Plaintiff asserts that the jury's conclusion that there was no causal connection between the filing of the racial discrimination complaint and her termination should not stand in light of the jury's finding that Defendant was aware that Plaintiff had filed such a compliant and that it thereafter terminated Plaintiff.

Defendant responds that Plaintiff has not met her burden that a new trial is required since the verdict is not clearly against the weight of the evidence and that the evidence supports the jury's finding that there was no causal connection between Plaintiff's discrimination complaint and her termination.

Rule 59 provides that a new trial may be granted to all or any of the parties and on all or part of the issues for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States. Fed. R. Civ. P. 59. Specific grounds for new trial have included: the verdict is against the weight of the evidence; the damages are excessive; for other reasons the trial was not fair; there were substantial errors in the admission or rejection of evidence; the giving or refusal of instructions were in error; and misconduct of counsel. *Clark v. Esser*, 907 F.Supp. 1069, 1073 (E.D. Mich. 1995); *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d

749 (6th Cir. 1980); *Static Control Components, Inc. v. Lexmark Int'l, Inc.,* 697 F.3d 387, 414 (6th Cir. 2012).

The grant or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing of abuse of discretion. *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989). The trial court has broad discretion in deciding a motion for a new trial to prevent a miscarriage of justice. *Clark*, 907 F.Supp. at 1073; *City of Cleveland*, 624 F.2d at 756; *Fryman v. Federal Crop Ins. Corp.*, 936 F.2d 244, 248 (6th Cir. 1991). If there is no motion for directed verdict made on the question of the sufficiency of the evidence, such is also not available as a ground for a motion for new trial. *Southern Ry. Co. v. Miller,* 285 F.2d 202, 206 (6th Cir. 1960). However, such a motion can be viewed as one claiming that the verdict was against the great weight of the evidence, which can be considered by the trial court as a motion for new trial under Rule 59. *Id.*

In considering a motion for new trial on the ground that the verdict is against the weight of the evidence, the court cannot set aside the verdict simply because it believes another outcome is more justified. *Denhof v. City of Grand Rapids,* 494 F.3d 534, 543-44 (6th Cir. 2007). The court must accept the jury's verdict and can only overturn the verdict if the verdict was against the weight of the evidence and the jury verdict was unreasonable. *Id.* Courts are not free to reweigh the evidence and set

3

aside the jury verdicts merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable. *Bruner v. Dunaway,* 684 F.2d 422, 425 (6th Cir. 1982).

Plaintiff argues that the jury's verdict of no cause of action based on its finding that there was no causal connection between the filing of the racial discrimination and complaint and her termination was against the great weight of the evidence presented before the jury. Plaintiff testified that she sent her July 16, 2009 email to Human Resources Manager Michael Dixon and Human Resources Representative Ebbonye Graham, the same day she was issued a second one-day suspension resulting in her termination. Plaintiff claims that the defense's primary argument that Defendant lacked knowledge of Plaintiff filing a racial discrimination complaint that same date was rejected by the jury. Plaintiff claims the testimony of Mr. Dixon was that Ms. Graham was not threatened by Plaintiff's conduct, but was simply "disrespected." Ms. Lori Marchesi, who witnessed Plaintiff's conduct on the day in question, did not describe Plaintiff as exhibiting a threatening behavior. Plaintiff claims that there was evidence showing that on the morning of July 16, 2009, there was no decision to suspend Plaintiff, but only to send her for a suitability examination. It was only later in the afternoon that it was decided Plaintiff should instead be suspended. Plaintiff claims it can be inferred that because of Plaintiff's email on the morning of July 16,

4

2009, Plaintiff was suspended which resulted in her termination.

Defendant argues that temporal proximity alone does not support causation. Vice President of Home Health Services Deb LaRue, Administrative Director Michael Bartz and Mr. Dixon all testified that they had no knowledge of Plaintiff's July 16, 2009 email that same day when Plaintiff was suspended. Ms. LaRue and Mr. Dixon testified when the Grievance Council was held on August 17, 2009, they were at that time already aware of Plaintiff's July 16, 2009 email.

The Sixth Circuit has recognized that in some instances temporal proximity alone might support an inference of causation, but it is not always enough to prove causation whether the facts supporting retaliation are weak. *Nguyen v. City of Cleveland,* 229 F.3d 559, 566-67 (6th Cir. 2000); "Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity alone may satisfy the causal prong of a *prima* facie retaliation case. *Mickey v. Zeidler Tool & Die Co.,* 516 F.3d 516, 523-35 (6th Cir. 2008). However, the *prima facie* case is "only the first stage of proof," and its purpose is simply to force a defendant to proceed with its case. *EEOC v. Avery Dennison Corp.,* 104 F.3d 858, 861-62 (6th Cir. 1997). Once a *prima facie* case is established, the burden then shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for its action; and in response the plaintiff must demonstrate

that this reason is pretextual. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 801-05 (1973); *Hamilton v. Gen. Elec. Co.,* 556 F.3d 428, 435 (6th Cir. 2009).

The jury marked on the verdict form that Plaintiff made complaints of racial discrimination against Defendant, that Defendant was aware of the complaint and that Defendant took an employment action adverse to Plaintiff. (Verdict Form, Q. 1-3) However, the verdict form does not ask *when* Defendant was made aware of the racial discrimination complaint–before or after the July 16, 2009 date when Plaintiff was suspended for a second time or maybe after that date or at a later date when the Grievance Council met in August 2009. The jury could have found Ms. LaRue and Mr. Dixon's testimony credible. They testified they did not know on July 16, 2009, when Plaintiff was suspended that afternoon, that Plaintiff had filed a grievance complaint earlier in the morning. Testimony shows that Defendant eventually learned of Plaintiff's discrimination complaint at some point after July 16, 2009. The jury's response to the verdict form does not establish "when" Defendant learned of Plaintiff's discrimination claim, which could have been after Plaintiff was suspended on July 16, 2009.

Even if the jury found that Defendant had knowledge of Plaintiff's discrimination complaint prior to the issuance of the second suspension on July 16, 2009, Plaintiff still had to prove that Defendant's reason for issuing the second

suspension and Plaintiff's eventual termination was pretext. Testimony at trial revealed that Defendant upheld Plaintiff's first suspension because she failed to follow protocol and procedure when she changed a patient's prescription (the patient was also employed by Defendant). Plaintiff also had the burden to show at trial that the reason given by Defendant for her suspensions and eventual termination was pretext. The jury did not so find.

At trial, the jury listened and observed the testimonies of Plaintiff and Defendants' representatives. The jury was able to observe the demeanor of the various individuals involved in Plaintiff's suspensions. There was sufficient evidence to support the jury's verdict of no cause of action because Plaintiff could not establish causation. It is within the jury's purview to weigh the evidence and judge the credibility of the witnesses. The Court cannot reweigh the evidence or substitute its decision for that of the jury when there is evidence upon which reasonable minds could differ. The jury's verdict that Plaintiff had not proven causation was not against the great weight of the evidence presented at trial. The Court finds that the jury's verdict was not unreasonable. Plaintiff's Motion for New Trial must be denied.

### III.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for New Trial and/or To Alter or

Amend the Judgment **[Doc. No. 52]** is DENIED.

          S/Denise Page Hood
          Denise Page Hood
          United States District Judge

Dated:  March 27, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2014, by electronic and/or ordinary mail.

          S/LaShawn R. Saulsberry
          Case Manager